IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 23 – 1666 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Patricia L. Dodge |
| MICHAEL ZAKEN, *Warden SCI Greene*, and MICHELLE HENRY, *Attorney General of Pennsylvania*, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") entered by the Magistrate Judge Patricia L. Dodge on November 15, 2023. (ECF No. 5.) The R&R recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Eric X. Rambert pursuant to 28 U.S.C. § 2241 (ECF No. 4) be treated as a petition filed pursuant to 28 U.S.C. § 2254 and summarily dismissed for lack of jurisdiction as an unauthorized second or successive habeas petition. It further recommends that a certificate of appealability be denied.

Service of the R&R was made on Petitioner by mail. In response, Petitioner filed what is titled a "Certificate of Appealability." (ECF No. 6.) The filing reiterates Petitioner's arguments and responds to what he perceives as Magistrate Judge Dodge's erroneous treatment of his habeas petition. Based on the nature of this submission, the Court will construe petitioner's filing as Objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R to which an objection properly has been filed. Fed. R. Civ. P. 72(b)(2), (b)(3), 28 U.S.C. § 636(b)(1). The court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The court may also recommit the matter to the magistrate judge with instructions.

Petitioner's "objections" are unavailing. His various ways of highlighting his state court sentences and the state court/DOC's treatment of those sentences clearly pertain to the legality of his state court sentences and his ongoing incarceration. As explained in the Report and Recommendation, the United States Court of Appeals for the Third Circuit has held that the request for such a review is governed by § 2254, not § 2241. Thus, this court is without sufficient justification to treat the petition and/or the "objections" in the manner advocated by petitioner.

Upon *de novo* review of the Petition for Writ of Habeas Corpus, the R&R and the objections thereto, and the entire record, the following Order is appropriate:

AND NOW, this 7th day of December, 2023, IT IS ORDERED that [6] petitioner's Motion for Certificate of Appealability be, and the same hereby is, construed as "objections" to [5] the Report and Recommendation;

IT FURTHER IS ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 4) be, and the same hereby is, construed as a petition filed pursuant to 28 U.S.C. § 2254;

IT FURTHER IS ORDERED that the petition as construed be, and the same hereby is, summarily DISMISSED for lack of jurisdiction as an unauthorized second or successive habeas petition.

The Report and Recommendation as augmented above is ADOPTED as the Opinion of the Court; and

IT FURTHER IS ORDERED that the concomitant request for a certificate of appealability be, and the same hereby is, DENIED.

The Clerk of Court shall mark this case CLOSED.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Eric X. Rambert
AM-9223
SCI Greene
169 Progress Drive
Waynesburg, PA  15370